IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| MARCUS RASHAWN SMITH, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 2:19cv532-WKW |
| | ) | [WO] |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Petitioner Marcus Rashawn Smith is a prisoner in federal custody proceeding *pro se*. Before the court is Smith's motion with the heading, "The United States District Court, Middle District, of Alabama Lacked Subject Matter Jurisdiction, Because the Government Failed to Allege and Prove, as a Prerequisite, a Dangerous Weapon or Device, Pursuant to Title 18, United States Code Section 2113(a), (d)." *Doc. No. 2*. For the reasons discussed below, the court finds that Smith's motion constitutes a successive § 2255 motion filed without the required authorization of the Eleventh Circuit Court of Appeals. Therefore, the motion should be dismissed for this court's lack of jurisdiction.

## I. BACKGROUND

In April 2007, Smith pled guilty to two counts of bank robbery, in violation of 18 U.S.C. § 2113(a) (Counts 1 and 4); two counts of brandishing a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii) (Counts 2 and 5); and two counts of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g) (Counts 9). The two bank robberies served as the predicate "crimes of violence" for Smith's two

§ 924(c) convictions. After a sentencing hearing on March 21, 2008, the district court sentenced Smith to 430 months in prison, consisting of 46 months on Counts 1, 3, 4, and 6, to be served concurrently with each other; 300 months on Count 5, to be served consecutively to the terms imposed on Counts 1, 3, 4, and 6; and 84 months on Count 2, to be served consecutively to the terms imposed on Counts 1, 3, 4, and 6. Smith did not appeal.

On May 31, 2016, Smith filed a 28 U.S.C. § 2255 motion with this court arguing that, in light of the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), his bank robbery convictions did not qualify as predicate "crimes of violence" for his § 924(c) convictions, and therefore his convictions and sentence under § 924(c) were invalid. *See Smith v. United States,* Civil Action No. 2:16cv394-WKW. The magistrate judge entered a recommendation that the § 2255 motion should be denied, *see id*., Doc. No. 18, and on September 28, 2018, the district judge adopted the recommendation, with modifications, and entered a judgment denying Smith's § 2255 motion and dismissing the case with prejudice. *See id., Doc. Nos. 24 & 25*. Smith's appeal from the denial of his § 2255 motion is pending in the Eleventh Circuit Court of Appeals.

Smith filed his instant motion (*Doc. No. 2*) on July 16, 2019.

## II.   DISCUSSION

In his instant motion, Smith claims that the indictment in his case was fatally defective because it failed to allege all the essential elements of the bank robbery offenses he was charged with. *See Doc. No. 2*. He argues that, as a consequence, the district court lacked subject matter jurisdiction to enter a judgment of conviction against him. *Id*. He maintains that his convictions should be vacated and the indictment against him should be dismissed. *Id.*

Smith's claims attack the legality of his conviction and sentence in this court. The law directs that 28 U.S.C. § 2255 is the exclusive remedy for a federal prisoner to collaterally attack a conviction and/or sentence imposed by a federal court. *See* 28 U.S.C. § 2255(a) & (e); *United States v. Holt*, 417 F.3d 1172, 1174–75 (11th Cir. 2005); *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996). Where a district court has adjudicated a prior § 2255 motion and entered judgment, a motion asserting a new claim challenging a conviction or sentence is successive. *See Beaty v. Schriro*, 554 F.3d 780, 783 n.1 (9th Cir. 2009); *Aird v. United States*, 339 F.Supp.2d 1305, 1309–10 (S.D. Ala. 2004); *Keeton v. Bradshaw*, 2007 WL 142056 (N.D. Ohio 2007). Accordingly, regardless of Smith's labeling of his instant motion, the court finds that his motion is of the same legal effect as—and should be construed as—a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. *See United States v. Jordan*, 915 F.2d 622, 624–25 (11th Cir. 1990) (federal courts have "an obligation to look behind the label of a motion filed by a pro se inmate and determine whether the motion is, in effect, cognizable under a different remedial statutory framework").

The Antiterrorism and Effective Death Penalty Act of 1986 ("AEDPA") provides that to file a second or successive § 2255 motion in the district court, the movant must first move in the court of appeals for an order authorizing the district court to consider the motion. *See* 28 U.S.C. § 2244(b)(3)(A). The appellate court must certify that the second or successive § 2255 motion contains "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral

review by the Supreme Court, that was previously unavailable." *See* 28 U.S.C. § 2255(h). A district court lacks the jurisdiction to consider a successive § 2255 motion where the movant fails to obtain permission from the appellate court to file a successive motion. *See, e.g., Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003); *Holt*, 417 F.3d at 1175.

Smith has not obtained authorization from the Eleventh Circuit Court of Appeals to file a successive § 2255 motion. This court therefore lacks jurisdiction to consider the merits of his instant motion, and the motion should be dismissed on this ground. *Farris*, 333 F.3d at 1216.

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that Smith's instant motion (*Doc. No. 2*), which constitutes a successive § 2255 motion, be DISMISSED because Smith has not received permission from the appellate court to file a second or successive § 2255 motion and this court therefore lacks jurisdiction to consider the motion.

It is further

ORDERED that the parties shall file any objections to this Recommendation or before August 21, 2019. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations under 28 U.S.C. § 636(b)(1) will bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v.*

*Wainwright,* 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1. *See Stein v. Lanning Securities, Inc.,* 667 F.2d 33 (11th Cir. 1982).

Done, on this the 7th day of August, 2019.

/s/ Susan Russ Walker
Susan Russ Walker
United States Magistrate Judge